order for defendants to obtain certain evidence and present it at the trial. This assignment has no merit. The record reveals that the court delayed the proceedings for some forty minutes but then insisted that the trial proceed. A motion for continuance or delay of a trial is directed to the discretion of the trial court and its ruling thereon is not reviewable on appeal except for abuse of discretion. *State v. Shue,* 16 N.C. App. 696, 193 S.E. 2d 481 (1972). No abuse of discretion is made to appear here.

Defendants received a fair trial, free from prejudicial error.

No error.

Judges PARKER and VAUGHN concur.

---

STATE OF NORTH CAROLINA v. J. R. HENDERSON

No. 7416SC179

(Filed 20 March 1974)

ON *certiorari* to review the order of *McLelland, Judge,* at the March 1973 Criminal Session of ROBESON Superior Court.

Heard in the Court of Appeals 12 March 1974.

The defendant was indicted for common law robbery. The State's evidence tended to show that on the morning of 30 December 1972, at about 6:30 o'clock a.m., the defendant, J. R. Henderson, struck Leonard Carter, the operator of the Direct Service Station at East Second and Grace Streets in Lumberton, North Carolina, on the head from behind with an Ajax can. The defendant struck Carter in the face several times with his fists. The defendant removed a roll of money from Carter's pocket which Carter had from the operation of the service station; but, in the ensuing struggle, the money was knocked to the floor. Both men grabbed at the money on the floor, and the defendant made off with a handful of bills which Carter estimated to be thirteen dollars. From a verdict of guilty as charged and a sentence of not more than five nor less than eight years in the State Prison, the defendant, in open court, appealed.

---

Drug Centers v. Board of Pharmacy

---

*Attorney General Robert Morgan by Assistant Attorneys General Donald A. Davis and James Blackburn for the State.*

*Lee & Lee by W. Osborne Lee, Jr., for defendant appellant.*

CAMPBELL, Judge.

This case presents only the face of the record for review.

We have carefully reviewed the record and find no prejudicial error.

No error.

Judges HEDRICK and BALEY concur.

---

REVCO SOUTHEAST DRUG CENTERS, INC., CARLTON BAXTER, JESSE BEALE, WILLIAM BRANTLEY, BRYON D. KARRON, CHARLES JYLES, GILBERT HARDIS, FRED HOLT, JENNINGS KNIGHT, RICHARD MARX, LESLIE MYERS, CLYDE ROBINSON, JOHN SIMPSON, JAMES STREET, JOHN TINKLER, MORTON TRUGHMAN, EARL WILLIAMS, HENRY WILLIAMS, MARK WILLIAMS, DON DEATON, MYRON WINKELMAN, AND ALBERT SEBOK,

— v. —

THE NORTH CAROLINA BOARD OF PHARMACY, AND THE NORTH CAROLINA PHARMACEUTICAL ASSN.

No. 7410SC21

(Filed 3 April 1974)

1. **Physicians, Surgeons, Etc. § 2— regulation prohibiting advertisement of prescription drugs — constitutionality — summary judgment**

   The trial court erred in granting summary judgment for plaintiffs on the basis of its conclusion that a section of the Code of Professional Conduct for pharmacists which prohibited the advertising of prescription drugs was unconstitutional because it bore no substantial, rational relationship to the public health, safety or general welfare where a factual dispute as to such issue was presented by the pleadings and affidavits.

2. **Constitutional Law § 12; Physicians, Surgeons, Etc. § 2— Code of Professional Conduct for pharmacists — unconstitutionality of enabling statute**

   The statute authorizing the Board of Pharmacy to adopt a "code of professional conduct appropriate to the establishment and main-